

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2010

# Tyree Gregory v. J. Grondolsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Tyree Gregory v. J. Grondolsky" (2010). *2010 Decisions.* Paper 1991.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1991

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-065                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3579
_____

TYREE A. GREGORY,
                                              Appellant
v.

J. GRONDOLSKY, Warden FCI Fort Dix

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-CV-00163)
District Judge:  Honorable Renée Marie Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2009
Before: MCKEE, RENDELL and CHAGARES, Circuit Judges

(Opinion filed:January 28, 2010)
_____

OPINION
_____

PER CURIAM

        Tyree A. Gregory appeals from an order of the United States District Court for the

District of New Jersey, which dismissed his petition for a writ of habeas corpus for lack

of jurisdiction.  As the appeal presents no substantial issue, we will summarily affirm the

District Court's judgment.

Gregory's petition, filed pursuant to 28 U.S.C. § 2241, sought a credit against his prison sentence at a 3:1 ratio for time served at correctional centers whose conditions, he alleged, bordered on cruel and unusual punishment.[1]  The District Court determined that the relief Gregory sought was not available via a § 2241 petition, as Gregory was not challenging the execution of his sentence, but was rather seeking a reduction or modification of his sentence.  The District Court noted that such relief was potentially available only by way of motions filed pursuant to 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).  We agree.

As the District Court noted, a § 2241 petition is the proper means for a federal prisoner to challenge the execution of his sentence.  Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  A federal prisoner may challenge, for example, such matters as the administration of parole, computation of his sentence by prison officials, prison disciplinary actions, prison transfers, type of detention or prison conditions by way of a § 2241 petition.  Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005).  Here, Gregory was not challenging the execution of his sentence; e.g., the computation of the sentence that was imposed for his criminal conviction, or the conditions of his current imprisonment.  Instead, he was asking the District Court to modify the sentence originally

---

[1] Gregory complained of pre-trial detention conditions at three different correctional facilities, and alleged, inter alia, that he was forced to live in overcrowded and unsanitary conditions, that he was stabbed with a homemade shank, that meals were inadequate and unsafe, and that he was exposed to potentially life-threatening diseases from other inmates.

imposed to reflect a credit based on conditions in his places of pretrial confinement. We agree with the District Court that the only potential vehicles for relief would be a motion to correct the sentence filed pursuant to 28 U.S.C. § 2255, or a motion to reduce the sentence pursuant to 18 U.S.C. § 3582 filed with the sentencing court.[2]

For the foregoing reasons, we will summarily affirm the District Court's judgment.

---

[2] We express no opinion as to whether Gregory could meet the procedural prerequisites for either of these forms of relief, nor whether such motions would be found to have merit.